Burket, J.
As this policy was made payable to the husband at maturity if then alive, and to his wife at his death if he died before its maturity, it was to the interest of both to keep the policy in force by the payment of the annual premiums, either in cash or by premium note.
Payment might be made in cash or by note as the parties should determine. As to his interest in the policy -he could give a premium note with a forfeiture clause broader and more onerous than the forfeiture clause in the policy, but as she had a vested interest in the policy, in case she survived him, he could not affect her rights *391 by giving such a premium note without her consent. While the forfeiture clause in the premium note which became due May first, 1895, was binding upon him, it was not binding as to her, because she had no knowledge of the same and did not assent thereto. When he found himself unable to pay the premium in cash it was his interest and duty, as well to himself as to his wife, to keep the policy in force by giving a premium note, and as to himself he could insert such terms of forfeiture in the note as he saw fit, but as to her interest he could not change the contract of insurance without her consent. He might put an end to the policy by failing to pay the premium in cash or note, or by failing to pay the note at its maturity, but so long as he kept the policy alive, the interest therein of the wife remained unchanged, unless she consented to a change. She had the right to stand upon the terms ‘ and conditions of the policy, unchanged and unaffected by any forfeiture clause in a premium note. But while he could not thus affect her interest without her consent, she was equally bound Avith him by the terms and conditions of the policy; and she had no right to insist after payment of three annual premiums that he should refuse to give a premium note to keep the policy alive for both, but let it lapse as to himself so that she might thereby have the benefit of a continued paid-up term policy. The insurance was primarily for his benefit as an endoAvment, and only contingently for her benefit in case he should die before its maturity. In such cases he may do whatever the terms of the policy authorize, without coming in conflict with the authorities as to the inability of the insured or the company to change the vested rights of the beneficiary.
He paid the second and third annual premiums by giving a note therefor in the first instance, and he had an equal right to pay the fourth premium in the same manner, but if it contained a broader forfeiture *392 clause than the terms of the policy, such clause would not be binding on the wife without her consent.
The forfeiture clause in the premium note in this case, however, is not broader, as to the question here involved, than the same clause in the policy. Both provide in effect that upon failure to pay the note given for premium at its maturity, the policy shall be null and void. The forfeiture clause in the policy is in effect that upon failure to pay. the premium, all outstanding premium notes having been paid at maturity, the policy shall become a paid-up term policy, but without the payment of such notes, the policy shall not become a paid-up term policy, but shall be null and void, without action on part of the company or notice to the insured or beneficiary. The forfeiture clause in the premium note in question is that “said policy including all conditions therein for surrender or continuance as a paid-up term policy shall without notice to any party or parties interested therein be null and void on the failure to pay this note at maturity with interest at eight per cent, per annum, payable annually.” The failure to pay a premium note at maturity would prevent the policy from becoming a paid-up term policy, under the forfeiture clause in the policy, and the failure to pay the premium note in question at maturity made the condition as to continuance as a paid-up term policy null and void; so that the failure to pay the premium note in question, prevented the policy from becoming a paid-up term policy, both under the forfeiture clause in the policy and under the same clause in the note. The forfeiture clause in the.note is, therefore, as to the question of the policy continuing as a paid-up term policy, not broader or more onerous than the same clause in the policy, failure to pay an outstanding premium note under either clause preventing its continuance as a paid-up term policy.
The plaintiff below plead the conditions of the policy as to forfeiture, the continuance as a paid-up *393 term policy, and that the premium note which became due May first, 1895, had never been paid, and sought to excuse the non-payment thereof by the course of lenient dealing, the failure to give notice and make demand of payment, and the refusal of the company to make a loan to the insured on his policy as collateral.
The insurance company in its answer plead and relied upon both conditions of forfeiture in the policy and in the note, and admitted that it had failed to give notice of the maturity of the note, and failed to demand payment thereof, and refused to make a loan on the policy.
There was some testimony introduced upon the trial, but it did not change the legal effect of the foregoing conceded facts in the pleadings. Those facts are controlling, and an application of the law to those facts will dispose of the case.
Leaving the forfeiture clause in the note out of the question, it is conceded that the premium note was never paid, and is yet outstanding, and therefore by the terms of the policy there was never a continuance as a paid-up term policy, unless there is to be found something in the transaction which is the equivalent of payment of the note. Two things are plead and relied upon in that connection.
First, the policy provided that after the payment of three annual premiums the insured might borrow certain named sums .from the company graded as to the amount, by the number of premiums paid, pledging his policy as collateral security. The petition averred that he relied upon this means of obtaining money with which to pay his premium, and that he applied for a loan about the 30th day of May, 1895, and was refused, and that such refusal was the cause of his failure to pay the premium note. The date of the application for a loan and the refusal are both admitted in the answer. The premium note became due May first, 1895, and was not paid at maturity and *394 such non-paymeut prevented the policy from becoming a paid-up term policy, and an effort thirty days thereafter to obtain a loan was not the equivalent of payment, especially when payment was never made and never tendered. When the application for a loan was made the policy was lapsed by its own terms, and the company was then under no obligation to make the loan.
Secondly, the claim is made in the petition that the company did not in its dealing with the insured insist upon the prompt payment of premiums and premium notes, and gave no notice and made no demand of payment of this note, as is more fully shown in the statement of facts above. While such a lenient course of dealing with the insured might, under certain circumstances, entitle him to further reasonable time to make payment, it could not serve as payment itself, or the equivalent thereof. In this case there was never any payment of the premium note and no tender of payment, and therefore the policy became null and void by its own terms, and the condition upon which it might continue as a paid-up term policy — the payment of all outstanding premium notes — was never complied with. In such a case the payment of all outstanding premium notes is a condition precedent to the policy being continued as a paid-up term policy.
The policy could not be kept alive as a continued paid-up term policy under the provision of the policy following: “If the insured shall die while said term policy is in force, the amount of foreborne premiums, with interest at sis per cent, shall be deducted from the sum insured.” The insured did not die while the policy was in force, but long after it had lapsed.
It is therefore clear from the conceded and admitted facts, that the policy was not in force at the death of the insured, and that the plaintiff below has no cause of action against the insurance company.

*395
Judgment reversed and judgment for plaintiff in error.

Williams and Minshall, JJ., concur in the first paragraph of the syllabus, but dissent from the remainder of the syllabus and the judgment.